UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| **ERNEST CUNNINGHAM, JR.** ] | | |
|     Petitioner, ] | | |
| ] | | |
| v. ] | No. 3:10-1229 | |
| ] | Judge Trauger | |
| **RICKY J. BELL, WARDEN** ] | | |
|     Respondent. ] | | |


### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Ricky Bell, Warden of the facility, seeking a writ of habeas corpus.

### I. BACKGROUND

On March 2, 2005, a jury in Davidson County found the petitioner guilty of facilitating the sale of under 0.5 grams of cocaine and the possession of over 0.5 grams of cocaine with the intent to sell. Docket Entry No.29-1 at pg.51. For these crimes, the petitioner was sentenced as a career offender to thirty (30) years in prison. *Id.* at pgs.57-58.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the judgments of conviction. Docket Entry No.29-9. The Tennessee Supreme Court later denied petitioner's application for

further review. Docket Entry No.29-11.

In October, 2006, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.29-12 at pgs.15-17. Counsel was appointed to represent the petitioner, *Id.* at pg.39, and an amended post-conviction petition was filed on his behalf. *Id.* at pgs.42-50. Following an evidentiary hearing, the trial court denied the petition. *Id.* at pgs.56-65.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.29-18. The Tennessee Supreme Court once again rejected the petitioner's application for further review of the convictions. Docket Entry No.29-20.

## II. PROCEDURAL HISTORY

On December 20, 2010, the petitioner filed the instant petition for writ of habeas corpus. Docket Entry No.1. From the petition, the Court gleans three claims for relief. These claims include :

> The petitioner was denied the effective
> assistance of counsel when his attorney
>    1) failed to thoroughly investigate
>       the case and call witnesses
>       provided by the petitioner;
>    2) failed to fully advise him as to
>       the impact of his prior criminal
>       record; and
>    3) failed to adequately prepare for

trial.[1]

Docket Entry No.1 at pg.6.

A preliminary examination of the petition was conducted after which it was determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.6) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is the respondent's Answer (Docket Entry No.27), to which the petitioner has offered no reply. Upon consideration of the Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. ANALYSIS OF THE CLAIMS

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). In his Answer,

---

[1] At trial and on direct appeal, the petitioner was represented by Nathan Moore, a member of the Davidson County Bar.

the respondent concedes that the petitioner has fully exhausted his state courts remedies. Docket Entry No.27 at pg.2.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495,1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id* at 120 S.Ct. 1511.

Each of petitioner's claims asserts that he was denied the effective assistance of trial counsel. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance

4

of counsel. McMann v. Richardson, 397 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was so prejudiced by the deficiency as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 466 U.S. 690.

**A) Failure to Use Witnesses Provided by the Petitioner**

The petitioner was arrested and charged because he was present at the scene of a drug purchase and was thought to have helped the man (Timothy Davis) who sold drugs to undercover police officers. The petitioner maintains that he was an innocent bystander at the scene where he was merely attempting to fix his fiance's automobile. Docket Entry No.29-14 at pgs.123-124. Police officers, on the other hand, testified that the drug dealer spoke with the petitioner during negotiations leading up to the sale and that the petitioner handed him something that appeared to be drugs.

To establish his innocence, the petitioner felt that his fiancé, Tommy Green; her son, Kenneth Green; petitioner's employer, Curtis Strong; and a mechanic known only as Black; could give relevant testimony. Defense counsel, however, did not offer any

5

proof in petitioner's defense. Consequently, the petitioner believes that counsel was ineffective for failing to call these individuals as witnesses (Claim No.1).

Constitutionally effective counsel is expected to develop trial strategy based upon a thorough investigation of the case. Ramonez v. Berghuis, 490 F.3d 482,489 (6th Cir.2007). At the post-conviction evidentiary hearing, counsel testified that he had trouble communicating with the petitioner. Docket Entry No.29-14 at pgs.6-7. He noted, however, that the petitioner suggested that he consider Tommy Green and Kenneth Green as potential witnesses. The petitioner offered no other witnesses for his defense. *Id.* at pg.60.

Counsel had a "disjointed" conversation with Kenneth Green who could offer nothing more than the fact that he had left his mother's automobile at the scene in disrepair. *Id.* at pg.10. Counsel also spoke with Tommy Green on several occasions and found that, while she could give the petitioner a reason for being at the scene, she had no knowledge of the interaction between the petitioner and the drug dealer on the night of his arrest. *Id.* at pg.11.[2]

Other than the testimony of Tommy and Kenneth Green, counsel

---

[2] During the course of petitioner's testimony, he conceded that he never told counsel that Tommy Green "might have some information that could help my case." Docket Entry No.29-14 at pg.183.

6

was unable to discover any other evidence showing that the petitioner was an innocent bystander fixing his fiance's automobile. *Id.* at pg.93. Curtis Strong and the mechanic, Black, were with the petitioner at the scene of the crime. The petitioner admitted at the evidentiary hearing that he was unable to provide counsel with the information needed to locate his employer, Curtis Strong. *Id.* at pg.186. He also acknowledged that he had no information that could help counsel to locate the mechanic known to him only as Black. *Id.* at pgs.187-188. Nor did the police report of petitioner's arrest offer any information from which counsel could locate these potential witnesses.

In the absence of more favorable evidence, counsel decided that the best strategy would be to show that the police officers at the scene were too far away to know whether the petitioner was involved with the drug dealer, Timothy Davis, and that Davis "was the one solely responsible." *Id.* at pgs.17,65. Under the circumstances, this was a reasonable strategy.[3] The petitioner never insisted on calling particular witnesses or changing the defense strategy. *Id.* at pgs.73-74. It does not appear, therefore, that counsel was deficient in this regard. In any event, the petitioner has failed to show in what way he may have been

---

[3] The petitioner was charged with the sale of under 0.5 grams of cocaine. Docket Entry No.29-1 at pg.41. He was convicted of the lesser included offense of facilitation to sell under 0.5 grams of cocaine. *Id.* at pg.57. Consequently, counsel's strategy appears to have been successful to a certain degree.

7

prejudiced as a result of counsel's investigation of his case.

**B) Failure to Advise of the Impact of Prior Criminal Record**

The petitioner next claims that counsel failed to fully advise him as to the impact of his prior criminal record, leaving him with an incorrect understanding of the range of punishment that he would be exposed to in the event of a guilty verdict (Claim No.2).

The petitioner's prior criminal record qualified him for career offender status.[4] As a career offender, the petitioner received an effective sentence of thirty (30) years with a release eligibility date of sixty percent (60%). At the post-conviction evidentiary hearing, the petitioner testified that he was never told that he could face such a long sentence as a career offender. Docket Entry No.29-14 at pg.124. To bolster his testimony, the petitioner points to a *Blakely* waiver form prepared by counsel that stated an incorrect sentencing range for a career offender. *See* Docket Entry No.29-15 at pgs.37-38. The petitioner said that, prior to trial, he "just assumed it would be just a straight 10 year sentence at 30 percent." Docket Entry No.29-14 at pg.200.

The petitioner admitted that he never read the *Blakely* waiver form prior to signing it. Therefore, the misinformation on the form did not have any impact upon the petitioner's understanding of his range of punishment. *Id.* at pg.125. Counsel testified that he told

---

[4] The petitioner's prior criminal record included five drug-related felony convictions and a felony weapons conviction. Docket Entry No.29-12 at pg.61.

8

the petitioner numerous times that he would be sentenced as a career offender. *Id.* at pg.9. He also told the petitioner on several occasions that he was facing possible exposure to a sentence of thirty years at 60%. *Id.* at pg.54. "He just didn't seem to appreciate the risks of a guilty verdict." *Id.* at pg.55.

Following the evidentiary hearing, the trial court found that the petitioner "was not aware of or at least was confused about his potential exposure." Docket Entry No.29-12 at pg.64. Thus, counsel may have been deficient in this respect. Nevertheless, the petitioner failed to show that he would have pled guilty and received a lesser sentence rather than stand trial if he had been fully aware of his penalty exposure. The court pointed to the petitioner's admission that he rejected plea offers of ten and five years and would not plead guilty because he was innocent of the charges. Docket Entry No.29-14 at pgs.121-124.

The rejection of this claim by the state courts for petitioner's failure to demonstrate prejudice is consistent with federal law in light of the facts of the case. Therefore, this claim has no merit.

**C) Failure to Adequately Prepare for Trial**

Finally, the petitioner claims that counsel was ineffective for failing to adequately prepare for trial. More specifically, he complains that counsel should have presented a defense and allowed him to testify (Claim No.3).

The petitioner states that he was willing to testify but was afraid to because the jury would hear of his prior felony convictions. *Id.* at pg.130. Counsel acknowledged that he did not challenge the admissibility of petitioner's criminal record for impeachment purposes prior to trial. *Id.* at pg.13. Counsel expressed his understanding "that it was clear he wasn't going to testify anyway, so there was no reason to go through that." *Id.* at pg.15.

At trial, the petitioner told the judge that he did not wish to testify. *Id.* at pg.190. He executed a Waiver of Right to Testify form acknowledging that he voluntarily and personally chose to waive his right to testify. Docket Entry No.29-1 at pg.49. At the post-conviction evidentiary hearing, the petitioner explained "Well, I didn't never say directly that I wanted to testify, but I never, but I didn't say that I did not want to testify." Docket Entry No.29-14 at pg.192. From this, it appears that counsel could not be faulted for the petitioner's decision to forego testifying at trial.

As noted above, counsel considered other witnesses but could not locate any that were at the scene and could substantiate the petitioner's claim of innocence. Counsel developed a trial strategy that called for diverting all the blame to the drug dealer. The petitioner acknowledged that he discussed different defenses with counsel prior to trial. *Id.* at pg.182. Later, though, the

10

petitioner recanted and said "No, he ain't never talked to me about no theory of the case." *Id.* at pg.188.[5]

The state courts considered this evidence and found that counsel had adequately prepared for trial. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, the state courts did not err when they determined that the petitioner had been provided with the effective assistance of counsel.

## IV. CONCLUSION

In the absence of an actionable claim, the instant petition for writ of habeas corpus has no merit.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

---

[5] The petitioner accused counsel of lying at the evidentiary hearing. Docket Entry No.29-14 at pg.181. He also accused at least two police officers of lying at trial. *Id.* at pgs.172-173.